**UNITED STATES of America, Appellee**

v.

**Ralph T. WILSON, Appellant.**

No. 05–3163.

United States Court of Appeals, District of Columbia Circuit.

May 4, 2007.

Roy Wallace McLeese, III, Elizabeth Trosman, Lisa Hertzer Schertler, Assistant U.S. Attorney, Anne Y. Park, Jeffrey Allen Taylor, U.S. Attorney's Office, Kenneth L. Wainstein, Assistant Attorney General, U.S. Department of Justice, Washington, DC, for Appellee.

Robert S. Becker, Law Office Of Robert S. Becker, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and ROGERS and GRIFFITH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the order of the district court denying Ralph

Wilson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be affirmed. Wilson's argument that the district court denied his right to counsel of choice during trial is forfeit because Wilson did not raise that issue before the district court in support of his § 2255 motion.

Wilson's claims that the Government violated the Due Process Clause of the Fifth Amendment by belatedly releasing evidence useful for impeaching a Government witness, *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and knowingly eliciting false testimony at trial, *United States v. Agurs,* 427 U.S. 97, 103–07, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), fail because he did not show prejudice. With respect to his *Brady* claim, the Government's disclosure of Mr. Eddings's pretrial statements on the eve of that witness's trial testimony is not "sufficient to undermine confidence in the outcome," *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Likewise, even if the Government knowingly elicited false testimony from Mr. Eddings, the deprivation of due process would have been "harmless beyond a reasonable doubt." *Id.* at 678–80, 105 S.Ct. 3375. As this court said in denying Wilson's direct appeal, the evidence against him was "nonconflicting, nonambiguous, and overwhelming." *U.S. v. Wilson,* 160 F.3d 732, 741 n. 8 (D.C. Cir.1998).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.